IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO BLACKHAWK HOCKEY TEAM, INC., | ) ) ) | Case No. 1:19-cv-05325 |
| Plaintiff, | ) ) | Magistrate Judge: |
| v. | ) ) | |
| HAWKTOWN TEAS, INC., | ) ) | |
| Defendant. | ) ) | |

**MOTION TO QUASH SUBPOENA OF MARK K. SURI**

This is a motion to quash a third-party deposition subpoena served on an attorney in a pending trademark opposition proceeding before the Trademark Trial and Appeal Board by opposing counsel in that proceeding. In support of this motion, Hawktown Teas, Inc. ("Movant") states as follows:

1. Movant filed several intent-to-use trademark applications with the U.S. Patent and Trademark Office for the marks HAWKTOWN, HAWKTOWN HEROES, and STRAIGHT OUTTA HAWKTOWN in connection with bar and restaurant services, alcoholic beverages and t-shirts. *See* Declaration of Mark K. Suri attached as Ex. A, ¶ 2.

2. Attorney Mark K. Suri of Hinshaw & Culbertson LLP ("Attorney Suri") filed the trademark applications on behalf of Movant. *Id*.

3. Opposer Chicago Blackhawk Hockey Team, Inc. ("Opposer") filed an Opposition Proceeding against registration of Movant's applications, Opposition Number 91/231,595. *Id*. ¶ 3. The parties are currently taking discovery. On June, 26, 2019, Opposer served its written discovery on Movant. Movant timely responded to the written discovery requests. Opposer noticed a Rule 30(b)(6) deposition of Movant for August 14, 2019. *Id*. ¶¶ 4-7.

4. In addition, Opposer issued a subpoena to Attorney Suri under the auspices of this Court for August 13, 2019. *See id.* ¶ 6; *see also* copy of subpoena attached as Ex. B hereto. Opposer noticed Attorney Suri's deposition to occur before the Movant's Rule 30(b)(6) deposition. *Id.*

5. Pursuant to the subpoena, Opposer seeks to depose Attorney Suri on "All matters relevant to the factual representations made in the declarations personally signed by Mark K. Suri in support of the subject applications opposed in Trademark Trial and Appeal Board Opposition No. 91231595." Ex. A ¶ 8; Ex. B.

6. The "declarations" referred to are the form declarations at the end of each trademark application. They read in pertinent part:

> The signatory believes that: . . . if the applicant filed an application under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e), the applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

A copy of a representative application is attached as Ex. C.

7. When filing the application, Attorney Suri identified his position relative to Movant as "Attorney of record, Illinois bar member." *See* Ex. A, ¶ 2, *see also* Ex. C.

8. As Movant's attorney, all non-privileged information Attorney Suri knows has been disclosed in the declarations. Ex. A ¶ 10. Other than those factual disclosures, Mr. Suri only possesses information that is subject to the attorney-client communication privilege, the attorney work product doctrine and other information that is subject to Federal Rule of Evidence 408. *Id*. Under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), the Court may quash a subpoena that seeks disclosure of privileged or other protected information so long as no exception or waiver applies. Similarly, the Court may quash a subpoena subjecting a person to harassment or undue burden under Federal Rule of Civil Procedure 45(d)(3)(A)(iv).

9. Opposer has not identified any exception or waiver that would apply to the privileged communications between Attorney Suri and his client, nor has Opposer indicated that an exception or waiver applies to Attorney Suri's work product immunity.

10. Instead, Opposer seeks to depose Attorney Suri to ostensibly obtain information regarding the "factual representations made in the declarations" he signed supporting each of the applications now subject to opposition.

11. Courts strongly disfavor attempts to depose opposing counsel in pending matters as such a deposition provides a special opportunity for harassment. Opposing counsel depositions lead to disruption in the attorney's trial preparation and could lead to his or her untimely disqualification.

12. Indeed, this Court has addressed a virtually identical issue before. Highlighting harassment as a legitimate concern, the Court concluded that a trademark holder's counsel may not be deposed in a trademark infringement action when other ways to obtain information surrounding the declarations at issue existed. *See Miyano Mach. USA,*

*Inc. v. MiyanoHitec Mach., Inc.*, 257 F.R.D. 456, 465 (N.D. Ill. 2008) (granting motion to quash subpoena aimed at plaintiff's counsel).

13. In *Miyano*, a trademark holder brought suit against a competitor alleging trademark infringement, among other things, in connection with marks used with machine tools and as service marks. *Id.* at 458. The defendants served interrogatories on the machine manufacturing company and a deposition subpoena on one of its attorneys, seeking all of the company's "information and beliefs relating to or bearing on the declarations made by [opposing counsel] in the applications at issue." *Id.* at 459.

14. Using the well-established approach laid out in *Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir. 1986), the *Miyano* court considered whether the defendants had "shown that (1) no other means exist to obtain the information than to depose opposing counsel, . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Miyano,* 257 F.R.D. at 464-65.

15. While the factual bases behind the representations made in the application declarations may be relevant and not privileged, the *Miyano* court concluded that such information did not need to come from plaintiff's attorney—there were others with adequate knowledge of the facts, such as the plaintiff's Rule 30(b)(6) witness. *Miyano*, 257 F.R.D. at 464-65. Plaintiff also provided the information sought via written interrogatories about which the defendants complained, but failed to explain how the interrogatory responses were deficient. *Id.* at 465. As such, the court suggested the defendants submit additional interrogatories for more detailed information and granted plaintiff's motion to quash. *Id.*

16. Opposer included a topic in its Rule 30(b)(6) deposition notice to Movant for: "Applicant's statements to the United States Trademark Office in support of [the opposed

applications]." *See* Ex. A ¶ 9; *see also* Opposer's Notice of Rule 30(b)(6) Deposition of Hawktown Teas, Inc., Topic No. 9, copy attached hereto as Ex. D. This topic completely covers the information Opposer seeks in its subpoena to Attorney Suri.

17. The situation here is virtually identical to that faced by the *Miyano* court. Opposer's third party subpoena seeking to depose Attorney Suri is unnecessary, requests cumulative information and, ultimately, constitutes harassment. While the factual underpinnings of Attorney Suri's declarations may be relevant and not privileged, the attorney-client communications involving Attorney Suri discussing those facts with his client are privileged. Morever, *Miyano* made clear that the linchpin of its approach is whether other means exist to obtain the sought after information, before taking the step of deposing opposing counsel. *See Miyano,* 257 F.R.D. at 464-65 ("Defendants have not satisfied their burden of showing that no means exist to obtain the requested information other than to depose [opposing counsel]").

18. Similar to the defendants in *Miyano*, Opposer is already in possession of any information it would be able to glean from Attorney Suri's deposition, and it would be able to obtain all other non-privileged information through sources other than Attorney Suri. Movant has served answers to Opposer's written discovery, and Opposer has yet to even attempt to obtain information from Movant itself through a Rule 30(b)(6) witness or otherwise. Certainly, deposing a Movant representative regarding the declarations should take place prior to deposing Movant's counsel. Here, Opposer even scheduled Attorney's Suri's deposition prior to the scheduled date for Movant's deposition. *Compare* Ex. B to Ex. D.

19. Moreover, similar to *Miyano*, Opposer has offered no explanation as to how or why Movant's answers to the written interrogatories might be deficient—nor is it able to. It

served the subpoena on Attorney Suri prior to receiving any responses to its written discovery.

20. Nor has Opposer raised so much as a concern that a Rule 30(b)(6) witness representing Movant might lack the requisite knowledge of facts underlying the declarations. There is no reason why Movant's counsel would know more about the factual representations in the declarations of the applications than a representative of Movant.

21. Courts such as the *Miyano* court established that all other avenues to obtain the information sought must have been exhausted before deposing opposing counsel. *See e.g., Howard v. Securitas Sec. Servs.*, USA Inc., 630 F. Supp. 2d 905, 911 (N.D. Ill. 2009). (courts "seem to hold generally that a deposition of opposing counsel should not proceed unless there is a strong showing of need and evidence that all other discovery avenues have been exhausted"). Here, Opposer has done nothing to exhaust its potential discovery sources.

22. There are clearly other avenues—deposing a Rule 30(b)(6) witness and receiving answers to written interrogatories—available to Opposer to obtain the factual underpinnings of Attorney Suri's declarations that would avoid encroaching on privileged communications and information protected by the work product doctrine. Opposer has yet to even attempt to exhaust those avenues.

23. Thus, Opposer has not met its burden in establishing that there are no other means available to obtain the information it seeks besides deposing Mr. Suri, Movant's attorney. Opposer's subpoena is merely a ploy designed to drive a wedge between Attorney Suri and his client, and it ultimately amounts to harassment. In defending against the

deposition or moving to quash the subpoena, Opposer's subpoena results in a significant waste of time and resources.

24. Accordingly, Movant respectfully moves the Court for an Order quashing the subpoena and instructing Opposer to pay Movant's fees and costs in responding to the subpoena and moving to quash it.

Dated: August 7, 2019                                      Respectfully submitted,

                                              HINSHAW & CULBERTSON LLP

                                              */s/ Mark K. Suri*
                                              Mark K. Suri

Mark K. Suri (#6199636)
Steven M. Puiszis
Caroline Mondschean
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
msuri@hinshawlaw.com

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on August 7, 2019, he served a copy of the foregoing document via email on the following counsel who issued the Subpoena on behalf of Chicago Blackhawk Hockey Team, Inc. and counsel who represents Opposer in the Trademark Trial and Appeal Board, Proceeding No. 91/231,595.

Tricia Legittino
tlegittino@fkks.com
Frankfurt Kurnit Klein & Selz P.C.
2029 Century Park East, Suite 1060
Los Angeles, CA 90067
Tel: 310-579-9632

Catherine M.C. Farrelly
cfarrelly@fkks.com
Kimberly M. Maynard
kmaynard@fkks.com
Frankfurt Kurnit Klein & Selz P.C.
488 Madison Avenue, 10th Floor
New York, NY 10022
Tel: 212-826-5579

                                                              */s/Mark K. Suri*
                                                              Mark K. Suri

304091491v1 0981432